HANNAH GOLD, Plaintiff, *v.* LOUIS J. GOLD and Another, Defendants.*

Supreme Court, Albany County, November 15, 1934.

*Stern & Hirschfeld,* for the plaintiff.

*O'Connell & Aronowitz,* for the defendants.

STALEY, J. This is a motion by defendants to compel plaintiff to separately state and number three causes of action, claimed to be improperly united in the complaint.

The subject of this action has become quite common since the decision of the Court of Appeals in *Baumann* v. *Baumann* (250 N. Y. 382).

Plaintiff alleges that the defendant Louis J. Gold and the plaintiff were married in 1908, in the State of New York, and that thereafter the defendant Louis J. Gold attempted to obtain a divorce from plaintiff in the State of New Jersey; that the plaintiff was never a resident of the State of New Jersey; that she was not personally served with process and did not appear in the divorce action; and

* Affd., 243 App. Div. 666.

that the divorce was a nullity, because granted without jurisdiction of the plaintiff.

It is further alleged that, in 1929, Louis J. Gold went through a marriage ceremony with Augusta Spiselman; that Louis J. Gold and Augusta Spiselman represent and hold themselves out as husband and wife; and that the mutual friends and acquaintances of the plaintiff and of the defendant Louis J. Gold have been led to believe that the defendant Augusta Spiselman is the plaintiff.

It is further alleged that, in 1926, the plaintiff and the defendant Louis J. Gold entered into a separation agreement whereby the defendant Louis J. Gold agreed to make certain payments to the plaintiff, which he has failed to make.

The separation agreement contains the following paragraph:

" *Seventh.* That if at any future time the party of the first part shall obtain a decree of divorce valid in the State of New York against the party of the second part upon the ground of adultery that then and in such event this agreement and all the terms and conditions thereof shall immediately cease and terminate, and that neither of the parties will thereafter be liable hereunder, and that in such event the party of the first part shall not be required to make any further payments under this agreement."

The complaint further alleges that on July 1, 1934, there was due and unpaid to the plaintiff under the above agreement the sum of $2,925, and that the defendant Louis J. Gold, although he has failed and refused to pay the whole or any part of the sum so due to this plaintiff and claims that he is financially unable to make such payments, is nevertheless expending large sums of his money for the support, maintenance and comfort of the said defendant Augusta Spiselman, and has recently expended large sums of money in traveling through the United States and Europe in company with the said Augusta Spiselman.

The plaintiff demands a declaratory judgment determining that the New Jersey divorce is invalid; that an injunction issue against the defendants restraining them from holding themselves out as husband and wife, enjoining the use of the name of the plaintiff by the defendant, enjoining the defendant Augusta Spiselman from using the name of the plaintiff, and enjoining the defendants from living together as husband and wife.

The complaint also demands a judgment against the defendant Louis J. Gold for the balance due under the separation agreement.

The claim of the plaintiff is that, under the statute authorizing declaratory judgments and the rules, a party may allege a single cause of action for a declaratory judgment and consequential relief. (Civ. Prac. Act, § 473; Rules Civ. Prac. rules 210–213.)

The declaratory judgment is new in some respects. Now a declaration may be made, although there has been no breach of duty, and no more relief is claimed than a declaration of the rights of the parties.

It appears, therefore, that a cause of action may arise which will result simply in a judgment declaring the rights of the parties. The purpose of such a declaration may be to forestall a violation of those rights and a preservation of them.

Under the old procedure, " you take a step in the dark and then turn on the light to see if you stepped into a hole. Under the declaratory law, you turn on the light and then take the step." (Congressman Gilbert, 69 Cong. Rec. 2030.)

Since a cause of action for a declaratory judgment may arise without any breach of duty and may result in a simple declaration without further relief, the question presents itself whether or not, when further relief is asked, the additional facts upon which the right to further relief rests must be alleged by way of a separate cause of action or may be included within the group of facts constituting the cause of action for the declaration.

This motion does not raise directly the question as to the sufficiency of the allegations to entitle the plaintiff to consequential relief by way of injunction, although it would seem proper to test the sufficiency of those allegations to determine whether they are directed to the question of consequential relief and, therefore, a part of the cause of action for declaratory judgment. In similar cases (*Baumann* v. *Baumann*, 250 N. Y. 382; *Lowe* v. *Lowe*, 265 id. 197) the demand for injunctive relief similar in part to the demands in the action at bar have been denied upon the ground that a restraint of the acts complained of are not within the power of a court of equity to compel.

These cases hold, however, that acts which constitute legal wrongs or invade substantial rights of the plaintiff can be recognized and protected by injunction.

So the question reduces itself to whether the allegations of the complaint allege acts on the part of the defendant which constitute a legal wrong to the plaintiff and affect her substantial rights. If they do, the demand for the restraint of them is a proper demand within the scope of the consequential relief afforded by the statute; if they do not, they do not constitute a cause of action, nor do they constitute a valid basis for a demand for relief.

The plaintiff here seeks as a consequence of the declaratory judgment holding that the New Jersey divorce is invalid an injunction restraining the defendants from living together as husband and wife. She alleges that this conduct on the part of the defendant involves

a financial expenditure and that that expenditure deprives her of the payments due to her under the separation agreement. The non-payment of the money under the separation agreement is a legal wrong. It is a substantial detriment to the plaintiff and not a mere default in good morals or a hurt to the emotions or feelings; to that extent at least, the demand for injunction is within the scope of consequential relief incident to and part of the cause of action for declaratory judgment.

I, therefore, conclude that the injunctive relief, at least to the extent above indicated, and the declaration for judgment as to the status of the parties may be sought in the same cause of action.

In connection with the claims of plaintiff on the separation agreement there is a different situation.

The separation agreement and its alleged violation constitute a mere breach of contract. In so far as the pleadings show, the New Jersey divorce was not granted on the ground of adultery, and thus could not affect the separation agreement. There is no allegation that the separation agreement has been repudiated by defendant Louis J. Gold as invalid, and, therefore, there appears to be no reason for a declaration as to its validity. All that appears is that there has been non-payment, which is not inconsistent with the validity of the agreement.

It is apparent that the facts constituting the cause of action for damages tender issues which are essentially different than those presented in connection with the demand for a declaration and injunctive relief, and are not a necessary consequential relief of a declaration of the present status of the parties.

This cause of action should, therefore, be separately stated and numbered.

Order may be entered in accordance with this memorandum, without costs.