HANNAH GOLD, Respondent, v. LOUIS J. GOLD and Another, Appellants.— Appeal from order of Albany Special Term granting defendants' motion to the extent of requiring the allegation as a separate cause of action of plaintiff's claim for judgment for money due upon separation agreement. For further facts see opinion of the court below (154 Misc. 93). Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v. GERTRUDE DECKER and Another, Appellants.—Appeal from order setting aside no cause verdict. Plaintiff, subrogated under section 29 of the Workmen's Compensation Law, brought the action for injuries received by the employee of a road contractor who was working on the shoulder of the road three or four feet from the paved portion. Defendants were drivers of two cars that collided, one striking the workman. Order affirmed, with costs to the respondent to abide the event. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Heffernan, J., dissents and votes to reverse the order as to defendant Decker and to reinstate the jury's verdict of no cause of action as to her, and votes to affirm the order as to defendant Finch.

MADISON COUNTY BASKET CORPORATION, INC., Respondent, v. THE PEOPLES BANK OF HAMBURG, N. Y., Appellant.— Pursuant to a contract of sale the defendant delivered to the plaintiff a basket machine equipped with patented attachments for the making of straight-side baskets, the style of basket which plaintiff wished to manufacture, as defendant knew. Defendant had secured title to and possession of the machine under a chattel mortgage from a former owner which had become bankrupt. The patented attachments were owned by still another corporation, which had affixed them to the machine, and granted a license to use them. The license became void upon the bankruptcy of the licensee. As part of the contract of sale the defendant agreed that the license went with the machine; and promised to deliver the license therewith, but failed to do so. The owner of the patented parts retook them from plaintiff's possession, as it had a right to do. Thereupon the plaintiff made demand on the defendant to replace the licensed parts, or retake the machine, and return the purchase money, and defendant refused to comply with the demand. There is proof that without the patented attachments the machine is worthless. The plaintiff recovered a verdict and judgment for the full amount of the purchase price. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.