Long Dock Co. *v*. Bentley.

--- --- --- --- --- --- --- --- ---

## LONG DOCK COMPANY

*v.*

## MARGARET E. BENTLEY et al.

1. Equity only interferes with an action at law where there are equitable circumstances which render it unjust, as against the defendant at law, that the suit should proceed.

2. *Held*, in this case, that it constitutes no ground for such interference that the plaintiffs have no right to bring the action at law; nor that, if they recover, they will hold the damages in trust, in part for the defendants at law; nor that the defendants at law should be allowed to retain so much of the damages recovered as would be payable to them as one of the *cestuis que trust;* nor that there has been no breach of the covenant which is the basis of the action; nor that if·there has been such breach, equity ought to relieve against it.

Bill for relief.    Motion for preliminary injunction.

*Messrs. C. & R. Wayne Parker*, for complainants.

THE CHANCELLOR.

The bill states that a conveyance of certain land, held by the grantors in trust for themselves and others, was made by Peter Bentley and Moses Taylor and their wives to the complainant; that Messrs. Bentley and Taylor were trustees and conveyed as such, though not expressly; that the complainant was one of the *cestuis que trust;* that the deed contained a covenant on the part of the grantee, which was made with the parties of the first part in the deed, the grantors, Messrs. Bentley and Taylor and their wives; that Messrs. Bentley and Taylor are dead, and that their

Long Dock Co. *v.* Bentley.

wives are now seeking by suit at law to recover damages for an alleged breach of the covenant. The claim to a preliminary in-junction is based on three grounds; one is that the widows of the grantors are not trustees, and therefore ought not to be permitted to prosecute the suit; another is that the complainant here, which is the defendant in the suit at law, is one of the *cestuis que trust,* and so entitled to part of the damages which may be recovered; and the other is, that the alleged ground of forfeiture is not such as to justify suit, and if it is, it is one of the kind against which equity will relieve.

The widows of the grantors can maintain the action at law. If not, the complainant has no reason for coming here. If they can maintain the action and recover damages, they will hold them as trustees on the same trust on which their husbands would have held them if they had sued, and if necessary, equity will compel them to recognize and execute that trust. The complainant will not, if it should appear to be inequitable, be compelled to pay all the damages which may be recovered, but will be allowed in equity to retain so much as would be its share as one of the *cestuis que trust.* If the alleged forfeiture is not one in fact, the court of law will so determine, and that question ought to be determined there. If it be one in fact, and equity ought to relieve against it, relief can be given as well after judgment as before. Equity only interferes with an action at law where there are equitable circumstances which render it unjust as against the defendant at law, that the suit should proceed. *Joyce Prin. Inj. 52.* It seems to me that interference by this court would be unwarranted or premature, to say the least of it. A preliminary injunction is therefore denied.