GOTTLIEB JUNG

*v.*

MINNIE JUNG.

[Submitted and decided December 7th, 1915.]

Under Divorce act (*2 Comp. Stat. 1910 p. 2041 § 33*), providing that full faith and credit shall be given to another state's decree of divorce, except that if any inhabitant of the state shall go. into another state, territory or country to obtain a divorce for a cause occurring while the parties resided in New Jersey, or for a cause not ground for divorce under its laws, a decree so obtained shall be of no force in New Jersey, where a wife went to Reno, Nevada, to procure a· decree for extreme cruelty occurring in New Jersey, and was guilty of fraud upon the court of Nevada in procuring a divorce before she had been a *bona fide* resident there for a year, as required by statute, such Nevada divorce will be annulled in New Jersey on the bill of the husband.

*Mr. William Harris,* for the complainant.

*Mr. William J. Kraft,* for the defendant.

BACKES, V. C.

The object of this ·bill is to annul a Nevada divorce on the ground of fraudulent imposition upon the court of that state. At the time the petition for divorce was filed, the Nevada statutes required a *bona fide* residence in the state, of the plaintiff or defendant, of not less than one year next preceding the commencement of the action, to confer jurisdiction upon its courts. *Stat.* (*Nev.*) *1913 p. 10.* The complainant and defendant in this cause lived in matrimonial relations in Camden county, in this state, from the time of their marriage in June, 1885, until July 13th, 1913, when the defendant went to Reno, Nevada, arriving there on August 5th. One year and two days thereafter she commenced suit for divorce, setting up extreme cruelty. Service of process was by publication and service in this state. Divorce was granted September 29th, 1914; the defendant returned to

New Jersey in October following. At the time the defendant left New Jersey, she owned, as she still does, improved realty in Camden. This she left in charge of an agent, with the request to take care of it until she returned. She called upon her insurance agent to attend to renewals of fire insurance, which would expire during the period of her proposed absence. On the witness-stand she frankly confessed that her only purpose in going to Nevada was to obtain a divorce; that she had never been west before, and that when she started she did not know where Reno was. After she arrived, she took board at a hotel and remained for eight days, and then started housekeeping in a four-room dwelling, which she furnished at an expense of about $100. After living in Reno six months, she says her health so improved that she concluded to remain permanently, and then consulted counsel in her divorce matter. Section 33 of the Divorce act requires—

"Full faith and credit shall be given in all courts of this state to a decree of annulment of marriage or divorce by a court of competent jurisdiction in another state, territory or possession of the United States, when the jurisdiction of such court was obtained in the manner and in substantial conformity with the conditions prescribed in sections 5, 6 and 7 of this act."

Our court of errors and appeals has held that "where the plaintiff in a cause is required by statute to have been a *bona fide* resident of the state in which his action is brought for a fixed period of time, in order to enable him to maintain his action, the ascertainment by the court of the fact of such residence necessarily precedes a consideration of the merits of the case, and the determination of that question by the court is final, not only in the courts of that state, but in every other jurisdiction where the validity of the judgment comes in question, *unless such determination has been procured by fraud."* *Magowan* v. *Magowan, 57 N. J. Eq. 322; Fairchild* v. *Fairchild, 53 N. J. Eq. 678; Miller* v. *Miller, 66 N. J. Eq. 436.* It is proved beyond peradventure that, at the time the divorce suit was commenced, the defendant was not a *bona fide* resident of Nevada for the required statutory period, and that the determination by the court of that state of the fact of residence, as recited in the de-

cree, was procured by fraud. The proviso to the thirty-third section of the act above referred to reads:

"That if any inhabitant of this state shall go into another state, territory or country in order to obtain a decree of divorce for a cause which occurred while the parties resided in this state, or for a cause which is not ground for divorce under the laws of this state, a decree so obtained shall be of no force or effect in this state." *Comp. Stat. p. 2041.*

The motive of the defendant, and the ground upon which she secured the divorce, bring the case directly within the language of the statute. The complainant is entitled to a decree.