The object of the present bill is the procurement of a decree adjudging a certain decree of divorce heretofore made in the State of Nevada to be void in this state.
A motion has been made by defendant to dismiss the bill for want of jurisdiction.
The bill discloses that the parties were married in this state and resided here until defendant, the wife, wrongfully deserted complainant and went to Nevada in order to obtain a decree of divorce, and there procured a decree of divorce for a cause which occurred while the parties resided in this state, and also for a cause which was not ground for divorce under the laws of this state.
It will be observed that these averments of the bill, which the motion tentatively admits as true, fall within the specific provisions of section 33 of our Divorce act, which declares *Page 22 
that in such circumstances the decree so obtained "shall be of no force or effect in this state."
The bill also specifically charges that defendant herein at no time acquired a bona fide residence in the State of Nevada and procured her decree of divorce in fraud of the courts of that state and of complainant. Complainant is still a resident of this state.
The sole ground of the present motion is the claim that this court may not determine the validity of a decree of divorce of a sister state except as an incident to other relief, such as a suit for maintenance or divorce in which the decree of divorce of a sister state is interposed as a bar to the primary relief sought.
It is urged in behalf of defendant that in all but one of the numerous cases in this state in which a divorce decree of a sister state has been declared of no force or effect in this state the primary relief sought has been either maintenance or divorce and the attack upon the decree of divorce of the sister state has been incidental to that relief. The single exception isJung v. Jung, 85 N.J. Eq. 372. In that suit the primary relief sought and awarded was a decree to annul a divorce decree of a sister state; it is now urged that since no question of jurisdiction was raised in that case it should not be regarded as a binding precedent in the present suit.
I think it inappropriate and unnecessary to consider the question thus raised. Jung v. Jung, supra, does not appear to have been heretofore questioned and should be recognized as controlling this court until otherwise determined by our court of errors and appeals. But it may be here appropriately suggested that it is unnecessary to regard the present bill as invoking the statutory divorce jurisdiction of this court. It may be said to be an appeal to the original equity jurisdiction of this court for the protection of complainant against the consequences of defendant's fraud. The notion that a court of equity is primarily concerned only with property rights is met by the circumstance that in this state the rights arising from a marriage contract necessarily embrace property rights. *Page 23 
It will be noted also that no other remedy is open to complainant in this state, since he desires neither alimony nor divorce.
Complainant also urges that the bill may be sustained under our act concerning declaratory judgments and decrees. P.L. 1910 p.312. By the first section of that act its operation is restricted to "courts of record within their respective jurisdictions." That restriction raises precisely the same question already referred to touching the jurisdiction of this court.
The motion to strike out the bill will be denied.