J. C. Perkins *vs.* Fred W. Blethen.

Somerset.    Opinion January 6, 1911.

*Husband and Wife.    Wife's Power to Contract.    Disabilities.    Suits.    Coverture.
Equitable Jurisdiction.    Pleadings.    Assignment of Wife's Claim Against
Husband.    Result Following Such Assignment.    Statute, 1876, chapter 112.
Revised Statutes, 1857, chapter 61, section 3 ; 1903, chapter 63, section 1.*

Revised Statutes, chapter 63, section 1, empowering married women to deal
with their separate estate independently of their husbands, permits them
to contract with their husbands as well as with strangers.

The common-law doctrine of the marriage relation is in force in Maine,
except as modified by statute.

Actions at law do not lie between husband and wife on contracts between
them.

A married woman can enforce her legal contract against a stranger as though
she were unmarried, and is personally liable thereon, but cannot enforce a
contract against her husband at law, nor is the contract enforceable by
him against her at law.

Equity has jurisdiction of a suit between husband and wife on their contract,
through failure of the courts at law to recognize the parties in their
individual capacities.

"Coverture" is the legal condition of a married woman.

Disabilities arising from the marriage relation affect one party as much as
the other.

Existence of the marriage relation can be pleaded in bar by a defendant in
assumpsit brought by his wife's assignee; the relation not being a mere
personal disability to be pleaded in abatement as not going to the merits.

A husband's immunity from a suit at law on a claim by his wife during the
marriage cannot be avoided by her assignment of the claim to a third
person.

On report.    Judgment for defendant.

Assumpsit on an account annexed, brought by the plaintiff as
assignee of Abbie M. Blethen, the wife of the defendant.    Plea,
the general issue with brief statement as follows:    "That at the
time of the alleged promises contained in plaintiff's declaration

the defendant and the assignor of the claim in suit were and now are husband and wife." The writ was returnable at the March term, 1909, of the Supreme Judicial Court, Somerset County, and the defendant's pleadings were not filed until the following December term of said Court. Counsel for the plaintiff moved to have the brief statement stricken out as the matter contained therein should have been pleaded either in abatement or within the time for such pleas. At the close of the testimony a pro forma nonsuit was entered and it was then agreed between the parties that the case be reported to the Law Court for its determination upon the writ, declaration, and pleadings, and such of the evidence as was legally admissible under the pleadings, all rights of and under the pleadings, being reserved to the plaintiff. It was further agreed that if the action was maintainable on the pleadings and such of the evidence as is legally admissible thereunder judgment was to be entered for the plaintiff in the sum of $700.

The case is stated in the opinion.

*Merrill & Merrill,* for plaintiff.

*Henry E. Coolidge, and Newell & Skelton,* for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

PEABODY, J. This is an action of assumpsit brought by the plaintiff as assignee of Abbie M. Blethen of a chose in action. The pleadings were the general issue with brief statement "that at the time of the alleged promises contained in the plaintiff's declaration the defendant and the assignor of the claim in suit were and now are husband and wife." Counsel for plaintiff moved to have the brief statement stricken out on the ground that it should have been pleaded within the time for pleas in abatement. The case is reported to the Law Court, all rights of and under the pleadings being reserved to the plaintiff, and it being agreed that in case judgment is entered for the plaintiff, it shall be for the sum of $700.00.

The evidence is undisputed that Abbie M. Blethen, wife of the defendant, loaned her husband during coverture several sums of

money from her own personal funds.    The several amounts during the six years prior to the bringing of this action amounted to $700.00.    These several sums were put into the house and land which the husband held in his own name.    No notes and no security were given for these loans.    Subsequently she ceased to live with her husband.    Upon ascertaining that she could not sue him to recover the amount of these loans, she assigned her claim to the plaintiff, receiving a valuable consideration for the same.

The defendant offered no testimony to contradict these facts, but he relies solely upon the contention that in the State of Maine a husband or wife cannot sue the other in an action at law on a contract either express or implied, and that an assignee of a chose in action takes the same subject to all equities existing between the original parties.

R. S., chap. 63, sec. 1, gives to a married woman certain powers over her separate estate which cannot be reconciled with the common law status of husband and wife.    By a well established line of cases in this State it is held that this statute gives a married woman the power to contract with her husband as well as with strangers in reference to her separate estate.    *Webster* v. *Webster*, 58 Maine, 139 ;    *Blake* v. *Blake*, 64 Maine, 177 ;    *Wyman* v. *Whitehouse*, 80 Maine, 257.    On the other hand, it is as clearly held that the common law doctrine of the marriage relation is still in full effect except as modified by statute, and this is inconsistent with the maintenance of actions at law between husband and wife.    In *Crowther* v. *Crowther*, 55 Maine, 358, it was held that a wife could not maintain an action of assumpsit against her husband even under a statute, R. S., 1857, chap. 61, sec. 3, by which she is authorized to "prosecute and defend suits at law or in equity for the preservation and protection of her property, as if unmarried, or may do it jointly with her husband."    The language of this statute was somewhat amplified by act of 1876, chap. 112, but again it was held in *Hobbs* v. *Hobbs*, 70 Maine, 381, that an action of assumpsit could not be maintained, it being distinctly stated in this opinion as follows :    "that the wife cannot maintain an action at common law against her husband during the existence of the marriage relation

has always been held to be the law in this state." In *Copp* v. *Copp*, 103 Maine, 51, where the action was brought in the name of the wife for the benefit of an assignee, the present statutes being then in force, it was admitted and held that no judgment could be rendered against the husband.

It is not profitable to look to other courts for a determination of this question, owing to the great divergence of language in the statutes affecting the powers of married women and the different results to which the courts necessarily have been led. The common law with its statutory modifications must be taken as it is in this State, though it falls short of a logical scheme of legislation. The following seems to be the result: a married woman may contract with reference to her separate estate, and this power has been construed to include contracts with her husband. She may enforce her legal contract against a stranger to the same extent as though she were unmarried, with the necessary corollary of personal liability, but she may not enforce such a contract against her husband by an action at law, nor is she on the other hand liable to her husband in an action at law on account of such contract. The courts merely have not found in the words of the statute any intention to extend her powers and liabilities to this point. Therefore this limited statutory right of contract between husband and wife does not place them in the same position with reference to one another as other contracting parties, but it must be considered as an anomalous right, inconsistent in theory with the marriage status and to be made effective only so far as may be done without abrogating the common law doctrine of the oneness of husband and wife, not by overturning this historic idea of marriage, as might be the case if the legislation extending the rights of married women had been carried to its logical conclusion. This statutory right is made effective by increasing the scope of equity jurisdiction, which already recognized certain equitable obligations between husband and wife, so that equity now entertains a suit founded on the statutory contract right as well. The reason for equity jurisdiction remains the same, viz. : The failure of the courts of law to recognize the parties in their individual capacities. As equity courts had already done this prior

to the married women's legislation, they found no difficulty in applying the same remedy under the contract which they had been accustomed to apply to a more limited extent before.

The marriage relation by a confusion of terms is sometimes treated in the cases as identical with coverture, the legal condition of a married woman, and so is sometimes referred to as a personal disability in the plaintiff, *Albee* v. *Cole*, 30 Vt. 319; but it might equally well be said to be a protection to the defendant, for it affects one party to the same extent as the other. It is not a mere personal disability to be pleaded in abatement as not going to the merits of the case. On the contrary, it negatives the cause of action itself, during the continuance of the marital relation, since that relation in the view of the law is inconsistent with the idea of any legal controversy between the parties. Thus it is held that while the circumstance of coverture of the plaintiff in an action by a married woman against a stranger may be pleaded in abatement, the circumstance of marriage or in other words the relation of husband and wife between the parties plaintiff and defendant themselves, which is a very different matter must be pleaded in bar, *Smith* v. *Gorman*, 41 Maine, 405; *Crowther* v. *Crowther*, 55 Maine, 358; *Roseberry* v. *Roseberry*, 27 W. Va. 759.

This is not inconsistent with those cases under the Maine statutes which have held that the wife may sue the husband after the marriage relation has been terminated by divorce, *Webster* v. *Webster*, 58 Maine, 139, or may sue his estate after the marriage relation has been terminated by death, *Wyman* v. *Whitehouse*, 80 Maine, 257. It is held in these instances that the remedy is quickened by the death of one of the parties or their divorce. *Wyman* v. *Whitehouse*, supra; *Morrison* v. *Brown*, 84 Maine, 82. It is not alone the personal disability of the coverture of the plaintiff which is removed by the event of death or divorce, for the same result follows where the husband is plaintiff, *Blake* v. *Blake*, 64 Maine, 177, although the disability of coverture cannot be predicated of him; and in all these cases had the cause of action been with third parties there would have been no disability to the maintenance of an action even during the continuance of the marital

relation. In all these instances it was the oneness of husband and wife in the eyes of the law, a status which affects both to an equal extent which was the hindrance to an action at law between them while such relation continued.

It is then but one step further to say that neither party to this peculiar relation which the law has created can by any individual act nullify the law by depriving the other party of his immunity from legal action which appertains to the relation. The wife may indeed under the statute create new obligations between herself and her assignee relating to the rights which are the subject of her assignment, but she cannot during marriage, and without the consent of her husband, impose upon him with reference to these rights a duty of a different character from that which he owed to her.

*Judgment for defendant.*