THE NEW YORK LIFE INSURANCE COMPANY, complainant-appellant,

*v.*

MORRIS H. STEIN and PEARL STEIN, defendants-respondents.

[Submitted May 16th, 1939.   Decided September 22d, 1939.]

Mr. *Charles DeF. Besore,* for the complainant-appellant.

Mr. *Albert N. Shahadi* (Mr. *Daniel DeBrier,* of counsel), for the defendants-respondents.

The opinion of the court was delivered by

PORTER, J.

This is an appeal from an order advised by Vice-Chancellor Sooy in denying an application for a preliminary injunction to restrain the prosecution of a suit at law brought by Morris H. Stein, defendant-respondent, against The New York Life Insurance Company, complainant-appellant. The suit at law is for the recovery of disability benefits under an insurance contract issued by complainant-appellant on the life of defendant-respondent. His wife, Pearl Stein, also a defendant-respondent, is beneficiary under the policy as to the life insurance benefits.

The allegations of the bill are as follows: Stein made written application for the policy on September 26th, 1929, and relying on the truth of the statements therein contained it was issued on October 15th, 1929. It provided for the payment to the named beneficiary of $10,000 upon the death of Stein (double that sum if death resulted from accident), and payment to Stein of $100 monthly in the event of his becoming totally and permanently disabled before reaching the age of sixty years, and the payment of premiums being waived during the period of such disability. Stein stated in his application that he had never been under observance or treatment in any hospital, asylum or sanitarium; that he had never consulted a physician or practitioner for, or suffered from, any ailment or disease of the lungs; that he had never consulted a physician or practitioner for any ailment or disease; and that he had not consulted a physician or practitioner, or been examined or treated by one, within the five years next preceding the making of the said application.

On or about February 19th, 1936, Stein applied for disability benefits under the policy, claiming to have become afflicted with chronic pulmonary tuberculosis in or about the month of September, 1935.

Upon investigation the complainant-appellant found that Stein had been treated by two physicians of this state for tuberculosis within the period of five years preceding the making of the said application and that he had been an inmate of a sanitarium and of a hospital, both in this state, and

treated therein as a tubercular patient within the said five-year period.

Whereupon the complainant-appellant gave notice to the defendants-respondents of its election to rescind the disability features of the policy and refused to make any further disability payments.

On December 19th, 1936, Stein brought suit in the supreme court against the complainant-appellant for the recovery of the disability payments and premiums claimed to be due under the policy. Answer was filed and issue joined. When the case was about to be reached for trial negotiations for settlement were entered into by the parties and the case carried from term to term. The negotiations failed and the case was on the ready calendar, nearing trial, when on January 31st, 1939, the bill was filed setting up the allegations above recited and praying for the reformation of the insurance contract in so far as it related to the disability benefits (it being incontestable otherwise because of lapse of time), because of the fraudulent statements in the application, and also praying for the enjoining of the suit at law.

The vice-chancellor concluded that the complainant had not made out a case which entitled it to restrain the action at law and so advised against an injunction, but retained the bill.

We conclude that the vice-chancellor exercised sound discretion and are in accord with his determination.

The answer to the suit at law is not before us, but we assume that it raises the issue of the fraud and deceit practiced upon it by the false statements contained in the application for the insurance. If so, and the proofs are as contended by the complainant-appellant, then, of course, conscious fraud was intentionally committed and is a complete defense to the law action. The rule is not lost sight of that conscious fraud must be established at law to void an insurance contract, whereas in equity misrepresentation or fraud not deceitfully or willfully made may afford relief. Nonetheless, that fact is not enough without more to justify injunctive relief. *Cf. Metropolitan Life Insurance Co.* v. *Lodzinski,* *124 N. J. Eq. 357.*

In *Long Dock Co.* v. *Bentley, 37 N. J. Eq. 15; affirmed, Ibid. 330,* it was said "Equity only interferes with an action at law where there are equitable circumstances which render it unjust against the defendant at law, that the suit should proceed."

That seems to us to be the situation in the instant case and that to invoke injunctive relief under the circumstances would be premature. No irreparable injury is done by the ruling below; no showing is made of multiplicity of suits; the bill being retained the equities are preserved and may be enforced after judgment in the law court as well as before.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.