ELMER G. VAN NAME, complainant-appellant,

*v.*

FEDERAL DEPOSIT INSURANCE CORPORATION, defendant-respondent.

[Submitted May term, 1942.  Decided September 18th, 1942.]

*Mr. Carl Kisselman,* for the appellant.

*Mr. Grover C. Richman,* for the respondent.

PER CURIAM.

This is an appeal by the defendant, Elmer G. Van Name, from a decree of the Court of Chancery, advised by Vice-Chancellor Woodruff (whose conclusions are reported in *130 N. J. Eq. 433; 23 Atl. Rep. (2d) 261*), dismissing the bill of complaint which sought to permanently enjoin the defend-

ant from proceeding with a suit at law which had been instituted by defendant in the New Jersey Supreme Court to enforce payment of two promissory notes made by the complainant and owned by the defendant.

The ground upon which complainant based his claim for relief was that he and defendant's predecessors in title to the notes in question entered into an unexecuted compromise agreement as to such notes and that defendant's suit thereon was in violation thereof. Complainant, alleging that he was ready and willing to perform his part of the agreement and was without adequate remedy in the courts of law, asked the Court of Chancery not only for the restraint of the suit at law but also that the defendant be compelled specifically to perform the said agreement with complainant.

Defendant admits that on several occasions there were discussions as to the compromise of these obligations but insists that there was never an integration of a contract and that defendant's assignor always conditioned any possible compromise upon a settlement of the claims of all other bank creditors upon the same basis, but that complainant secretly made more liberal settlement with other banks and that, in consequence, there was never a meeting of the minds.

The learned Vice-Chancellor found from the evidence that no contract or compromise was effected; that at no time did the parties express an intention to make or contemplate making the same contract; that the two banks involved (defendant's predecesors in title to the notes) believed, and were justified in believing, that all creditor banks of the complainant were to be treated alike if any compromise was to be made, and that, although it was the intention and plan of complainant to treat and settle with his bank creditors separately and on different terms, he not only failed to disclose this intention and plan to these two creditors but, by his silence and affirmative act, confirmed that belief.

The facts (and this is essentially a fact case) and the law applicable thereto are fully set forth in the conclusions of the Vice-Chancellor and require no amplification. Suffice it to say, we have carefully examined the record, including the

proofs and the briefs of counsel of the respective parties and concur in the findings of the Vice-Chancellor that the evidence did not sustain the allegations of the bill and that, under the principles of law laid down by the courts of this state, the awarding of the extraordinary remedy of injunction or specific performance in this case was not warranted.

We are, therefore, of the opinion that the complaint was properly dismissed.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.