Established principles necessitate a denial of the preliminary injunctive relief sought by the complainant.
The factual surroundings can be outlined briefly. On May 1st, 1945, the complainant agreed to sell and the defendant to buy for the purchase price of $12,000 the stock of merchandise, trade fixtures, and tavern business of the complainant located at Franklin Boulevard and Hamilton Road, in the Township of Franklin, Somerset County. The defendant made the requisite down payment of $4,000. The written agreement embodies the following significant provision:
"It is further expressly agreed and understood by the parties hereto that the within contract shall be conditional upon the purchaser securing a liquor license to conduct the said tavern business, from the municipal authorities of the Township of Franklin, Somerset County, New Jersey, upon making proper application thereof; and should the said purchaser be unable to secure or have issued to him such liquor license, then the within contract shall be null and void and the said deposit of $4,000 above mentioned, shall be returned to the purchaser without interest."
Tersely stated, the ensuing eventualities were that the defendant promptly applied to the township authorities for the transfer of the license, and on May 31st, 1945, the application was denied by a resolution of the township committee which contains the explanatory recital:
"WHEREAS, after careful investigation, it appears to the satisfaction of the Township Committee that there is an undisclosed interest involved in the application, and that the said applicant, Michael Joseph O'Brien, is not to be sole owner thereof, and that it is not for the best interest of the inhabitants of said Township to permit said transfer to be made."
The complainant having refused to return the down payment, the defendant on June 4th, 1945, instituted an action in the Supreme Court to recover it. On June 28th, 1945, the complainant filed her bill in the present cause, in which she charges that the defendant resolved to elude, if possible, his contractual obligation, and to that end caused an anonymous letter to be dispatched to the township committee apprising *Page 22 
them that a person of lawless propensities would be financially interested in the business if the defendant received the license. The complainant seeks a decree (a) restraining the prosecution of the action against her at law, (b) "that the defendant be estopped, because of his fraudulent conduct, from declaring the agreement to be null and void," and (c) "that the defendant may be decreed specifically to perform the said agreement."
It is amid that fusion of alleged basic circumstances that the complainant now solicits preliminary and intermediate restraint prohibiting the progress of the action at law. In the consideration of such an application the familiar principles to which I originally adverted must be accorded proper deference.
An injunction is not conferred as a matter of right. Equity recognizes and respects the proceedings of co-ordinate tribunals, and in ordinary circumstances is reluctant to arrest the prosecution of a pending action at law. Long Dock Co. v.Bentley, 37 N.J. Eq. 15; affirmed, Ibid. 330; Van Name v.Federal Deposit Insurance Corp., 130 N.J. Eq. 433; 23 Atl. Rep.
2d 261; affirmed, 132 N.J. Eq. 302; 28 Atl. Rep. 2d210. Where the complainant's asserted cause of action is on the preliminary presentation in substantial and palpable dispute, equity should in the absence of equitable justification hesitate to suppress, even temporarily, a pending action in a court of law implicating the same controversy. Spoor-Thompson, c., Co. v.Bennett, 105 N.J. Eq. 108, 113; 147 Atl. Rep. 202; Van Name v.Federal Deposit Insurance Corp., supra. And then, a preliminary injunction in effect restraining without equitable reasons the controversial rescission of a contract may in some measure operate as an indirect coercion toward its performance. Moreover, there is always in focus the adequacy of the protection available to the complainant in the court of law.
The conviction of the complainant that the defendant instigated the spurious letter is at present neutralized by the definite denial of the defendant and his disavowal of the suspected undisclosed interest of another in the exercise of the desired liquor license. The person mentioned in the letter disclaiming *Page 23 
any interest in the conduct of the business corroborates the defendant in the latter particular. Controversial issues of fact cannot be decided on contradictory affidavits. Therefore, the commission by the defendant of the alleged deceitful act is at the moment indeterminate.
It is particularly noticeable that the deceit in which the defendant is alleged to have indulged is of a conscious, deliberate, active, and affirmative character, and proof of fraud of that nature with the derivative estoppel therefrom is now admissible as a defense in our courts of law. New York LifeInsurance Co. v. Stein, 126 N.J. Eq. 259; 8 Atl. Rep. 2d555. The object of the action at law is to recover from this complainant the initial payment of $4,000 pursuant to the terms of the contract of sale. It is not apparent that the complainant will suffer any inadequate protection in interposing her defense of conscious fraud and estoppel in the proceedings at law.
Moreover, a perspective of the probable success of the complainant in the present cause for specific performance is also an influential element to be observed in the allowance or denial of the requested restraint. It is elementary that this court will not make an obligatory decree that might well be vain or nugatory. 4 Pom. Eq. Jur. (4th ed.) 3334 § 1405. The mutual obligations of these parties to perform the contract obviously are contingent upon the will and discretionary action of the township committee in approving a transfer of the liquor license. The municipal body is not a party to this cause, and if it were, this court is not empowered to subjugate the judgment and discretion of that governmental body. Fiedler, Inc., v. CoastFinance Co., Inc., 129 N.J. Eq. 161, 168; 18 Atl. Rep. 2d268. This court can lead the defendant to the committee, but it cannot make him succeed.
For the reasons stated, the application for preliminary restraint is denied. *Page 24