The adverse applications made in this cause operate to contrive a debatable issue of some novelty. An abridgment of the allegations of the bill will suffice to exhibit the factual background. The bill charges that the complainant was lawfully married to the defendant on December 27th, 1936, and that on June 21st, 1946, a final decree of divorce was entered in the Second Judicial District Court of the State of Nevada, County of Washoe, in favor of the defendant, whereupon the defendant entered into a marriage ceremony with one L. Russell Cook.
On August 13th, 1946, the complainant filed a petition in this court in which he impugns the validity of the Nevada decree and prays for the dissolution of his marriage on the ground of adultery. The event of present significance is that on October 16th, 1946, the defendant under the appellation of Vernalee M. Cook instituted an action in replevin against the complainant in the New Jersey Supreme Court, Mercer County, to recover the possession of two pianos and incidental damages. The concluding allegation of the bill is that the plaintiff in the action in replevin (the defendant herein) is in consequence of the invalidity of the Nevada decree his lawful wife and that by reason of the marital relationship the action at law is not maintainable against him. *Page 42 
While the validity in this state of a decree of divorce of a sister state is customarily determined in a suit in which the primary relief sought is either maintenance or divorce, yet I pause to remark that this court has entertained under its original equity jurisdiction suits in which the annulment of the foreign decree has been the paramount object of the bill. Jung
v. Jung, 85 N.J. Eq. 372; 96 Atl. Rep. 499. In Henry v.Henry, 104 N.J. Eq. 21; 144 Atl. Rep. 18, Vice-Chancellor Leaming elucidated the basis of the jurisdiction by the statement: "The notion that a court of equity is primarily concerned only with property rights is met by the circumstance that in this state the rights arising from a marriage contract necessarily embrace property rights." See, however, Greensaft
v. Greensaft, 120 N.J. Eq. 208; 184 Atl. Rep. 529.
It is to be observed that the only relief for which the complainant prays in his bill of complaint in this cause is that the defendant be enjoined from the further prosecution of the action at law. Counsel for the complainant earnestly recommends the expediency and practicality of deferring the proceeding at law until the determination of the matrimonial suit now pending in this jurisdiction. I concur in the pragmatical advantages of the recommendation, but that is not the question I am requested to answer.
I have insinuated that there are adverse applications. They are the application of the complainant for the desired injunctive order and a motion on behalf of the defendant for an order striking the bill.
I confess that I am not aware of any authority which enables this court to enjoin the prosecution of an action already pending and maintainable in a court of law for considerations of mere convenience or expediency, except perhaps to prevent a multiplicity of suits involving the same basic issue. Equity recognizes and respects the proceedings of co-ordinate tribunals, and in ordinary circumstances is reluctant to arrest the prosecution of a pending action at law. McClusky v. O'Brien,137 N.J. Eq. 20; 43 Atl. Rep. 2d 281. Broadly stated, equity interferes by injunction *Page 43 
only where the circumstances disclose that it would be against conscience to permit a party to proceed in the court of law.Long Dock Co. v. Bentley, 37 N.J. Eq. 15; affirmed, Ibid.330.
I am unable to discern in the present bill any justifiable need for the interference of this court. If I may borrow from my previous study of common law pleading and practice, I recall that where the circumstance of coverture of the plaintiff in an action by a married woman against a stranger was sought to be drawn in controversy, it was raised at law by a plea in abatement, and where the relation of husband and wife became implicated in an action between the parties plaintiff and defendant themselves, the issue was properly projected by a plea in bar. Confirmation may be found in Chitty *447 on preceding page, Ibid. *449; 10Encyc. of Pl. Pr. 198; Perkins v. Blethen, 107 Me. 443;78 Atl. Rep. 574, 576; Roseberry v. Roseberry, 27 W. Va. 759; 41C.J.S. 867 § 393 note 92.
While dilatory pleas have been abolished (Supreme Court rule 56), yet the abrogation of such pleas has not eradicated their common law legal effect. Precisely the same objections may now be presented on motion. Commercial Credit Corp. v. Boyko,103 N.J. Law 620; 137 Atl. Rep. 534. Hence I am not persuaded that the complainant is disqualified from advancing his defensive contention in the action at law.
The bill fails to disclose any irreparable injury or deprivation of justice likely to be suffered by the complainant in the particulars therein alleged. Since the sole object of the bill is to enjoin the prosecution of the replevin action, the motion to strike the bill is entitled to prevail. *Page 44