The intermediate application in this cause requiring present attention has emanated from the following sequence of events.
For several years past the complainant has been the owner of two adjacent parcels of land situate at the intersection of Morris and Lincoln Streets in Phillipsburg, New Jersey. The property has been and is utilized as a gasoline service station for the sale of complainant's petroleum products. Parcel No. 1 is an open area affording one of the vehicular entrances to the station. The building, storage tanks, pumps, and other equipment are located on parcel No. 2. The building contains an office, sales and rest rooms, and a lubritorium.
On March 30th, 1936, a written lease was prepared and executed by the complainant as lessor and the defendant Hamlen as lessee, since which time the defendant Hamlen has occupied both parcels of the premises and has conducted the business of the service station.
On March 15th, 1943, the defendant McClafferty while in the employ of Hamlen at the station fell or was suddenly projected into the pit in the lubritorium and thereby sustained very severe bodily injuries. He has received substantial awards by direction of the Workmen's Compensation Bureau.
On August 10th, 1944, he instituted an action in the New Jersey Supreme Court to recover from the present complainant and one of its employees, Lannman, compensatory damages for his injuries and consequent losses. It was discovered that the description of the demised premises embodied in the lease of March 30th, 1936, embraced only the open area known as parcel No. 1. The mishap occurred in the building situate on parcel No. 2.
An answer was filed on behalf of the complainant in the action at law through other counsel in which, inter alia, it is averred that the omission of parcel No. 2 in the description *Page 219 
of the demised premises was the result of the mutual mistake of the parties.
The trial of the action at law was deferred, probably for meritorious reasons, until the September term (Warren County) of 1947. On October 10th, 1947, a few days before the date announced for the trial of Supreme Court issues, the present bill of complaint was filed alleging the mistake in the composition of the lease and seeking a decree for its reformation.
Upon the filing of the bill, application for an order to show cause with ad interim restraint was made to the nearest Vice-Chancellor, who by a subsequent amended ex parte order has directed "that in the meantime and until the further Order of this Court, that the defendants, J. Stewart Hamlen and Bernard A. McClafferty and each of them, their and each of their agents and attorneys, be enjoined and restrained from charging, asserting, testifying or producing evidence at the trial of said suit at law now pending in the Warren Circuit of the New Jersey Supreme Court between said Defendant, Bernard A. McClafferty, as plaintiff and the complainant herein and Fred Lannman as defendants, in support of their charge or allegation in said pleadings that on March 15, 1943, or at any other time the Defendant, J.S. Hamlen was in possession and control of said premises referred to in the Bill of Complaint as the Phillipsburg Service Station and so operating the same other than under the terms, covenants and conditions of said written lease described in paragraph 6 of the Bill of Complaint and referred to as Exhibit C-2 and shown on photographic Exhibit C-1 attached to the Bill of Complaint, until the further order of this Court * * *"
The defendant McClafferty is disinclined to proceed with his action at law in view of the ad interim restraint, and he resists the motion for the continuance of the restraint during the pendency of this cause.
As I gaze upon the copious writings before me, I pause at this juncture to acknowledge that counsel have been exceedingly painstaking in the preparation of affidavits, presentation of exhibits, and construction of their briefs.
However, it must be at once recognized that a preliminary injunction is not conferred as a matter of right and that *Page 220 
equity respects the proceedings of co-ordinate tribunals, and in ordinary circumstances is reluctant to arrest the prosecution of a pending action at law. Long Dock Co. v. Bentley, 37 N.J. Eq. 15;
affirmed, Ibid. 330; Van Name v. Federal DepositInsurance Corp., 130 N.J. Eq. 433; 23 Atl. Rep. 2d 261;
affirmed, 132 N.J. Eq. 302; 28 Atl. Rep. 2d 210; McClusky
v. O'Brien, 137 N.J. Eq. 20; 43 Atl. Rep. 2d 281.
The injunctive power of the court is to be exercised when necessary to subserve the ends of justice. Christiansen v.Local 680 of Milk Drivers, c., 127 N.J. Eq. 215; 12 Atl. Rep.
2d 170.
An examination of the affidavits fails to disclose that the alleged mutual mistake in the embodiment of the lease is either admitted or denied by the defendant Hamlen. I am therefore aware that at the moment the complainant's asserted cause of action is not apparently in substantial and palpable dispute. A perspective of the probable success of the complainant in the prosecution of the cause in this court is, in the existing revelation of the facts, quite discernible.
Nevertheless, is there any cogent equitable reason why this court should so broadly blockade the plaintiff in the presentation of his alleged action in the court of law?
The supplementary point that the complainant in consequence of the filing of its answer in the action at law has exercised its election of remedies and is accordingly incapacitated from maintaining this cause in equity is untenable, principally because reformation of a written instrument is a remedy indubitably within the jurisdictional domain of equity jurisprudence and, secondly, because the tenant Hamlen is not a party to the action at law against whom such redress is sought.
An incident of significance in the action at law is a stipulation entered into between the attorneys of the present complainant and the plaintiff at law that Hamlen at the time and place of the occurrence of the mishap suffered by McClafferty was a tenant of the gasoline service station and as such tenant paid rent to the complainant company. The relationship of landlord and tenant between the present complainant and the occupant of the premises is evidently acknowledged. *Page 221 
It seems, however, to be apprehended by the complainant that it will not be possible for it to prove at the trial at law that Hamlen was at the time of the mishap in possession and control of the entire premises under the terms of the 1936 lease. I do not perceive any cause for such an apprehension. The rule that parol evidence will not be admitted to vary the contents of a written contract does not apply in actions between strangers to the contract or, indeed, as here, between a stranger and one of the parties to the lease. Shreve v. Crosby, 72 N.J. Law 491;63 Atl. Rep. 333; Halliwell v. Trans-States Finance Corp.,98 N.J. Law 133; 118 Atl. Rep. 837; Ball v. Metalwash Machinery Co.,Inc., 123 N.J. Law 285; 8 Atl. Rep. 2d 370.
Hence, it is not evident that the complainant will incur any legal or jurisdictional impediment in the submission of proof at law in substantiation of the averments of its answer.
I am aware of nothing that would prevent the plaintiff McClafferty from introducing proof that despite the 1936 one-year lease (if so reformed) Hamlen was at the time of the mishap in possession under a verbal lease, or that the terms of the alleged written lease had been modified by parol or that this complainant had assumed to exercise control over the maintenance of the station.
Measuring the equities, it seems to me that McClafferty except for some imperative cause ought not to be further delayed in the prosecution of his action. The present undertaking, so belatedly initiated by the complainant, to reform the lease of 1936 does not constitute, in my judgment, a sufficiently substantial cause for the further suspension of the action at law. There is no pressure of an urgent necessity. Citizens Coach Co. v. CamdenHorse Railroad Co., 29 N.J. Eq. 299. Preservation, not benefaction, is the normal object of preliminary restraint. It is the policy of equity to be cautious in granting preliminary injunctive relief which will be of slight protection to one party and gravely prejudicial to the other. Sternberg v. O'Brien,48 N.J. Eq. 370, 375; 22 Atl. Rep. 348; Irvington Varnish, c., Co.
v. Van Norde, 138 N.J. Eq. 99, 103; 46 Atl. Rep. 2d 201.
The order to show cause and the injunctive terms therein are discharged. *Page 222