## McCalmont, Appellant, v. McCalmont.

*Marriage— Annulment— Practice— Declaratory    judgments— Void marriage—Act of June 18, 1923, P. L. 840.*

The purpose of the Declaratory Judgment Act of June 18, 1923, P. L. 840, was not to supplement or supplant the existing statutes regulating proceedings in divorce and proceedings thereunder to procure the annulment of a void marriage will be dismissed.

The same course must be taken and the same proceedings followed where it is sought to annul a marriage on the ground that it was void when entered into by reason of consanguinity, fraud or any other cause existing at the time, as where a divorce is sought.

Where declaratory judgment practice obtains the rule is established that it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case.

Argued March 14, 1928. Appeal No. 337, October T., 1927, by petitioner from judgment of C. P., No. 5, Philadelphia County, September T., 1926, No. 10,680, in the case of William S. McCalmont v. Eva Pelton McCalmont. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition under the Declaratory Judgment Act of June 18, 1923, P. L. 840, asking that a marriage be declared null and void. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Petitioner appealed.

*Error assigned,* was the order of the court.

*David R. Griffith, Jr.,* for appellant, cited: Kariher's Petition, 284 Pa. 455; Walter's Appeal, 70 Pa. 392; Schofield v. Schofield, 51 Pa. Superior Ct. 564 (572); McClain v. McClain, 40 Pa. Superior Ct. 248; Beegle's Estate, 64 Pa. Superior Ct. 180.

*William A. Gray,* for appellee.

OPINION BY KELLER, J., April 16, 1928:

Appellant filed a petition in the court below asking a declaratory judgment, under the Act of June 18, 1923, P. L. 840, that his marriage with the appellee is null and void, on the ground that by the final decree divorcing appellee from her former husband, one Pelton, on the ground of her adultery with the appellant, she had been forbidden to marry the appellant, during the lifetime of her former husband, who is still living.

It is a matter of little moment whether it be true, as appellant alleged in his petition, and appellee denied in her answer, that he had no knowledge at the time he married the appellee in Maryland, following her divorce in this State, where both parties reside, that the final decree in said divorce proceedings forbade her marriage to the appellant. The decree only declared the law as laid down in section 9 of the Act of March 13, 1815, 6 Sm. L. 286, 289; and he was bound to know that the marriage was forbidden.

The court dismissed the petition, without prejudice. We concur in this action.

While the Declaratory Judgments Act of 1923, supra, has been sustained as constitutional, (Kariher's Petition, 284 Pa. 455), its purpose was not to supplement or supplant our divorce laws. The statement in Kariher's Petition, supra, p. 464, that prior to the Act of 1923, the decree in proceedings under the Act of April 14, 1859, P. L. 647, to declare a bigamous marriage void, was in effect a declaratory judgment, was only a recognition that the legislature had enacted such statutes in the past, as bearing on the constitutionality of the Act of 1923, not a holding that in the future persons seeking a dissolution or annulment of the marriage relation could resort to proceedings under the Declaratory Judgments Act instead of to the Act of 1815, supra, and its amendments and supplements, or the Act of 1859, supra, and its amendment.

The State is a party in interest in divorce proceed-

ings, and in order to guard against collusion between the parties has prescribed certain forms and procedure which must be observed, including an oath or affirmation by the libellant that the facts contained in the petition or libel are true, to the best of his or her knowledge and belief, and that said complaint is not made out of levity or by collusion and for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in said petition or libel; followed by proceedings in court or before a master calculated to sift the evidence thoroughly and satisfy the court of the truth of the matters averred in the libel. The same course must be taken and the same proceedings followed where it is sought to *annul* a marriage on the ground that it was void when entered into by reason of consanguinity, fraud, or any other cause existing at the time: Sec. 8 of Act of 1815, supra.

These safeguards instituted on behalf of the State cannot be swept away by recourse to the Declaratory Judgments Act of 1923. It should not be resorted to where, as here, a method has already been established for the speedy determination of the issues involved, with due regard to the interests of the State as well as of the parties libellant and respondent: List's Est., 283 Pa. 255, 257.

Furthermore it was distinctly pointed out by the Chief Justice in Kariher's Petition, supra, p. 471, that "where declaratory-judgment practice obtains, the rule is established that it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case."

The decree of the court below is affirmed at the costs of the appellant.