## Lockwood, Appellant, v. Lockwood.

Argued November 19, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Paul Reilly,* and with him *George B. Johnson,* for appellant.

*Earl W. Thompson,* and with him *Granville L. Rettew,* for appellee.

OPINION BY KELLER, J., January 29, 1930:

The appellant filed her petition in the court below praying that court to grant a rule on the respondent (1) to show cause why the court should not enter a declaratory judgment declaring and determining the status of the parties in reference to the use by the respondent of the name, Lockwood; and (2) to show cause why the court should not declare and determine that said respondent has no legal right to use the name of Lockwood.

The facts set forth in her petition justifying the relief prayed for were, in brief, that she, the petitioner, is the legal wife of William E. Lockwood; that her marriage has never been legally dissolved or terminated; that her husband unsuccessfully endeavored to secure a divorce from her but the libel was dismissed; that the court of quarter sessions of Chester County has ordered her said husband to pay a stated sum per week for her support; that said William E. Lockwood is a resident of Chester County and holds the office of justice of the peace; that petitioner and respondent also reside in said county; that the respondent, Sarah S. Parker, falsely pretends that her name is Sarah S. Lockwood; that she has never taken the legal proceedings prescribed by the laws of the state to have her name changed from Parker to Lockwood; that respondent pretends to have acquired the right to use the name of Lockwood by reason of her relations with said William E. Lockwood; that respondent continually associates with, travels with and is accom-

panied by said William E. Lockwood; that these actions of respondent have created and will create confusion and mislead persons to confuse petitioner with respondent; which confusion is injurious to petitioner and is likely in the future to cause injury to her in her real and property rights.

The court refused the rule.

The ostensible purpose of the petition is to secure a declaratory judgment as to the right of the respondent to use the name Lockwood; the real end in view, as disclosed in appellant's argument, is to inquire into the relations between William E. Lockwood and the respondent and determine whether they are bigamous or adulterous.

It is not every question of status that the courts of the Commonwealth may be required to determine by a declaratory judgment. The Act of June 18, 1923, P. L. 840, provides in section 2 that "any person...... whose rights, status or other legal relations *are affected by a statute, municipal ordinance, contract or franchise,* may have determined any question of construction or validity *arising under the instrument, status, ordinance, contract or franchise,* and obtain a declaration of rights, status or other legal relations *thereunder.*" It is clear that the appellant has not averred in her petition the necessary facts to bring herself within this specific provision of the statute. It is true that in section 5 of the Act it is declared that the enumeration in sections 2, 3 and 4 does not limit or restrict the exercise of the general powers conferred in section 1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty; but unless such a judgment, if rendered, will terminate the controversy giving rise to the proceeding the court may refuse to take jurisdiction of the

petition, (Sec. 6). Chief Justice MOSCHZISKER in the opinion in Kariher's Petition, 284 Pa. 455, emphasized this point several times.

Now it is apparent that the real controversy between the parties involves questions of fact that cannot be settled and terminated by the declaratory judgment sought to be obtained in this proceeding, even if recourse is had to the machinery for the trial of issues of fact provided by section 9 of the Act of 1923. So far from terminating the controversy between the parties a declaratory judgment based on appellant's petition would be but its beginning.

In Baumann v. Baumann, 250 N. Y. 382, 165 N. E. 819, not cited by either appellant or appellee, proceedings for a declaratory judgment were brought by a wife against her husband and a woman, holding herself out as his second wife, to adjudge that the plaintiff was the legal wife of Charles Ludwig Baumann; that the defendants were not and never had been husband and wife; that an alleged divorce obtained by the husband in Yucatan, Mexico, was null and void; and that an alleged marriage between the defendants was null and void. The court of appeals upheld the judgment to the extent above indicated; but reversed in so far as it enjoined the woman defendant from using her co-defendant's surname. In the present case the husband was not made a party, no allegations were made as to any alleged divorce secured by the husband, or attempted marriage between her husband and the defendant. The petition does not seek an adjudication as to the plaintiff's status with, or relation to, William E. Lockwood, but merely as to defendant's right to use the name, Lockwood. A declaratory judgment based on the petition in this case could not settle the plaintiff's marriage

430

status, or affect her husband in any way, and would not terminate the controversy between the parties.

The learned court below was guilty of no abuse of discretion in refusing to assume jurisdiction.

The order is affirmed at the costs of the appellant.