## Lansinger v. Lansinger et ux.

[black rectangle]

*James R. Sheppard,* for petitioner.

*Richard W. Ahlers* and *Maurice Chaitkin,* for respondents.

EGAN, J., May 28, 1936.—Respondents, as a preliminary measure, raise the question that the Declaratory Judgments Act of June 18, 1923, P. L. 840, amended by the Act of April 25, 1935, P. L. 72, cannot be used to determine the validity of a Nevada decree in divorce.

Petitioner prays for a declaratory judgment decreeing that a divorce obtained in Nevada by respondent, Earl F. Lansinger, on December 24, 1935, divorcing the said respondent from the petitioner is a colorable one, and that it did not dissolve the marriage relation between the petitioner and the respondent, Earl F. Lansinger, and that they are still husband and wife.

The petition contains averments of marriage in 1917, residence as man and wife in Allegheny County, Pennsylvania, until March 5, 1935, a desertion by the respondent, Earl F. Lansinger, on that date, and a separate residence by the said respondent in Pittsburgh until October, 1935, averments of a trip to Nevada by the said respondent, and a decree of absolute divorce of that State on December 24, 1935. There is a further averment that subsequent to December 24, 1935, the respondents were married and are living as husband and wife in Pittsburgh.

Despite the provisions of section 12 of the Declaratory Judgments Act of June 18, 1923, P. L. 840, that the act was to be liberally construed and administered, judicial decisions have tended to restrict and limit the broad scope of the act. This is clearly pointed out by Professor Edwin M. Borchard of Yale University Law School in the Temple Law Quarterly of May 1936, vol. 10, no. 3, page 233. An amendment to section 6 of the Act of 1923 was adopted on April 25, 1935, P. L. 72, for the purpose of bringing the law back to the original broad meaning that seemed to have been intended when the Act of 1923 was passed. This amendment provides:

"Relief by declaratory judgment or decree may be granted in all civil cases . . . or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present".

As far as we have been able to ascertain, the question before us is a new one in this State, but in Baumann v. Baumann, 222 App. Div. 460, (see also Baumann v. Baumann, 250 N. Y. 382), it was held, under averments of facts similar to those before us that a cause of action for declaratory relief was present. It is true that section

473 of the Civil Practice Act of that State, New York, under which the petition was filed, is broader in scope than our Pennsylvania statutes, but it does not follow that the Pennsylvania Act of 1935, supra, is so limited and restricted as to deprive petitioner of the opportunity of having her cause determined according to its provisions.

The last sentence of the Act of 1935, supra, that: ". . . proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought" does not apply to this case. The petitioner is not seeking a divorce or a decree of annulment, but is asking the court to determine her status. If either of the respondents should desire a divorce or a decree of annulment from the other, the restriction in the Act of 1935 would apply: McCalmont v. McCalmont, 93 Pa. Superior Ct. 203. Neither do we find merit in the contention of respondents that a decree will not serve to terminate the uncertainty and controversy. The petitioner asserts that she is the wife of Earl F. Lansinger and asks the court to declare that a binding divorce has not taken place. A final decree on that question will certainly terminate any uncertainty or controversy on that point, although as a result other collateral litigation may follow. In Pennsylvania there is no other statute providing a special form of remedy for this type of case, and a proceeding in the county court for support or a criminal information charging Earl F. Lansinger with bigamy would not result in a decree of the nature sought by the petitioner.

In Lockwood v. Lockwood, 98 Pa. Superior Ct. 426 (1930), Helen H. Lockwood contending to be the legal wife of William E. Lockwood, named Sarah S. Lockwood as respondent in a petition for declaratory judgment. The purpose of the petition was to secure a declaratory judgment as to the right of the respondent to use the name Lockwood and to inquire into the relations between William E. Lockwood and the respondent, whether they were bigamous or adulterous. The Superior Court affirmed the

action of the lower court in dismissing the petition, but it is to be noted that the Superior Court cites Baumann v. Baumann, 250 N. Y. 382, 165 N. E. 819, and then says in the Lockwood case (p. 429) :

"In the present case the husband was not made a party, no allegations were made as to any alleged divorce secured by the husband, or attempted marriage between her husband and the defendant. The petition does not seek an adjudication as to the plaintiff's status with, or relation to, William E. Lockwood, but merely as to defendant's right to use the name, Lockwood. A declaratory judgment based on the petition in this case could not settle the plaintiff's marriage status, or affect her husband in any way, and would not terminate the controversy between the parties."

The point decided in the Lockwood case is not the one that is before us for decision, and when it used the language quoted above, it was not needed to sustain the court's position that a decree would not terminate the controversy between the parties. Nevertheless, the Superior Court appeared to be pointing out the proper procedure to be followed in bringing such an action, and in this case the petitioner has closely followed that indication.

The preliminary questions of law will be decided against the respondents and an order will be made requiring them to file answers to the averments of the petition so that a final determination as to the validity and binding effect of the Nevada divorce decree can be made under the provisions and according to the practice of the Declaratory Judgments Act of Pennsylvania.

### Order

And now, to wit, the questions of law raised by the respondents are decided against the respondents, and it is ordered that separate answers be filed by the two respondents to the averments of fact in the petition within fifteen (15) days after service of a copy of this order upon counsel for said respondents.