## Spencer, etc., v. Spencer et al.

*Paul H. Rhoads,* for petitioner.

*William H. Dunbar, 3rd, H. John Gluskin, Samuel A. Schreckengaust, Jr., Carl F. Chronister,* and *Homer Hummel Strickler,* for defendants.

RICHARDS, P. J., O. C., specially presiding, November 23, 1942.—This is a declaratory judgment proceeding

which is designed fundamentally to determine the legitimacy of Mary Lane Spencer, a minor. Lane H. Spencer is an incompetent person who is represented by his guardian and conservator, John Fox Weiss, Esq. Evelyn M. Spencer is the wife of Lane H. Spencer. Mary Lane Spencer is the daughter of Evelyn M. Spencer.

There exist three trusts, mentioned in the petition, which confer benefits upon Lane H. Spencer and upon his issue born in wedlock. If, therefore, Mary Lane Spencer be the legitimate child of Lane H. Spencer, she has certain rights under said trusts, and possibly her issue would have rights thereunder. In addition, if Mary Lane Spencer be the child of Lane H. Spencer, he would be liable for her support and maintenance. This minor, acting through her mother and her guardian, has asserted rights in said trusts and the right to support. Action has been threatened but not yet instituted. It is to determine these rights that this proceeding has been instituted.

The record discloses the joinder of all interested parties and service upon them. The petition shows situs in this county of trust funds and residence here of the minor and her mother. No question has been raised with reference to jurisdiction, service, or any other related matters. Evidence was received by the court from witnesses and by stipulation.

The first question is whether or not this is a proper case for the entry of a declaratory judgment. An examination of the act, and particularly of the amendment of 1935, would seem to indicate that it is. We have an actual controversy, antagonistic claims and the assertion of legal relationship, status, right or privilege, which are important to the parties and for which no other remedy is now available, or if available is not being pursued by those persons involved: Act of June 18, 1923, P. L. 840, 12 PS §831 et seq., and Act of April 25, 1935, P. L. 72, 12 PS §836. In this connec-

tion we refer to the opinion of President Judge Keller in Melnick v. Melnick et al., 147 Pa. Superior Ct. 564, where a full discussion of the availability of the remedy is discussed. Without laboring the matter, we conclude that this case is a proper one for the granting of relief by declaratory judgment. We need add only that no party to the proceedings has asserted the contrary.

This brings us to consideration of the testimony. There was evidence of nonaccess on the part of Lane H. Spencer. There was evidence by doctors, laymen, and experts. Blood tests showed conclusively that this child could not have been the child of Lane H. Spencer. In this connection we refer to our opinion in Baker et al. v. John Fox Weiss, Conservator, et al., reported in 52 Dauph. 50, for a full discussion of the testimony relating to illegitimacy. Suffice it to say that it shows nonaccess by the husband, access by a stranger, and convincing proof by means of blood tests that Lane H. Spencer is not, and could not be, the father of Mary Lane Spencer. Furthermore, this evidence is wholly uncontradicted. It follows that she is not his child, legitimate or otherwise, and consequently that she has no rights under the several trusts here involved and no right to be maintained and supported by him. We accordingly enter the following

### Decree

And now, to wit, November 23, 1942, it is ordered, adjudged, and decreed that Mary Lane Spencer is not the child of Lane H. Spencer; that she is not entitled to any maintenance or support from him; and that she has no interest in any of the three trusts described in the petition upon which this proceeding is based or in any other property of the petitioner.