## Adam v. Adam et al.

*Desmond J. McTighe,* for plaintiff.
*Maxwell Strawbridge,* for defendants.

DANNEHOWER, J., December 27, 1945.—This is a petition raising the question of the jurisdiction of this court over defendants and of the cause of action which is the subject of the petition for a declaratory judgment filed by plaintiff against defendants.

The facts necessary to the disposition of the pending rule as they appear from the record are as follows: Plaintiff, Ethel B. Adam, hereinafter referred to as Ethel, and defendant, William Adam, Jr., hereinafter referred to as William, were married in Philadelphia, Pa., on April 2, 1923, and lived together in Abington Township, this county, until May 2, 1942, when William separated himself from his wife and two daughters and moved to Philadelphia.

On June 16, 1944, William, having satisfied the statutory requirements as to residence, obtained a decree in divorce from Ethel, in Reno, Nev. Ethel had been served with a summons and complaint in that ac-

tion at her Montgomery County residence, but entered no appearance in the Nevada court. On the same day as the decree was entered, William married the other defendant, Jean R. Ziernicki, hereinafter referred to as Jean. Since June 20, 1944, both defendants have made their home together at 315 Evans Avenue, Haddonfield, N. J.

William is under order of the court of quarter sessions of this county to contribute to the support of his wife Ethel and children, the order having been made on September 18, 1942. Quite recently he applied for and obtained a reduction in the amount of the order, because one of the daughters had reached her majority. The validity of his Nevada divorce decree was not made an issue in that proceeding.

William and Ethel are the owners, as tenants by entireties of two parcels of real estate, one in this county and the other in Philadelphia County.

Plaintiff contends that the Nevada divorce decree is a nullity, because of the fact that William was never a domiciliary or bona fide resident of that State, and that therefore there exist certain controversies between and among the parties as to their marital status, their rights in regard to the support order, and their rights regarding the real estate in the names of William and Ethel.

Plaintiff requested and was granted leave to serve the petition on nonresident defendants by registered mail at their New Jersey home in accordance with the Act of May 22, 1935, P. L. 228, sec. 2, as amended by Act of April 13, 1943, P. L. 43, 12 PS §848(c). Service was accomplished in that manner.

Defendants attack the jurisdiction of this court on the ground that the service by registered mail was invalid under the above act, inasmuch as the petition seeks only a judicial declaration as to marital status, and the proceeding does not concern property situate

in this Commonwealth, and is in effect an action in personam, rather than in rem.

However, we accept the contention of plaintiff that the proceeding does "concern" property situate in this State. As her counsel argues, if the Nevada divorce decree is valid, either William or Ethel has the right to institute partition proceedings provided said real estate was acquired after the date of the Act of May 10, 1927, P. L. 884, 68 PS §501. If invalid, neither has such right. If the divorce is valid, Jean may have an interest in the property; if invalid, she has none. In our opinion, the legislature, in enacting the amendment contemplated just such a situation as that confronting us, for it could, for example, have specifically limited registered mail service to cases "where the title to real estate is the sole issue" or "where title to real estate is directly affected". Rather, the legislature chose the broad term where "the proceeding concerned property situate in the Commonwealth". Whether or not the question as to "property" is the main question or merely incidental to the question of the marital status, the proceeding sufficiently "concerns" property so as to justify the service by registered mail as to both defendants. Having taken this view, it becomes unnecessary to consider whether the support order would constitute property within the meaning of the act.

Inasmuch as the proceeding concerns property over which this court has jurisdiction, there remains no doubt as to the legality of the service. The objection that the service of the petition by registered mail violates the "due process" clause of the Federal Constitution is not a valid one. The action cannot be classed as one in personam, as the subject matter of the suit includes property, as pointed out above, and the marital status of Ethel and William, over which this court unquestionably has jurisdiction: See Melnick v. Melnick, 147 Pa. Superior Ct. 564, 572, et seq. (1942). The requirement of "due process" is satisfied if the statutory provision in itself indicates that there is a reasonable

probability that if the statute is complied with, the defendant will receive actual notice: Wuchter v. Pizzutti, 276 U.S. 13 (1928) ; see also, Stoner v. Higginson, 316 Pa. 481 (1934), and cases cited therein.

Therefore, defendants are properly before the court in a matter over which we have jurisdiction. The act permitting the mode of service used in this case has been strictly followed, and consequently defendants' contention must be rejected.

And now, December 28, 1945, for the reasons given in the foregoing opinion, defendants' petition is dismissed, and the rule granted thereon is discharged.