## Palm Beach Shores, Inc., v. Millescamps et al.

*H. Lester Haws*, for plaintiff.

*Smillie, Bean & Scirica* and *Harry Norman Ball*, for defendant.

DANNEHOWER, J., January 9, 1951.—In this petition for a declaratory judgment by a property owner to declare a deed restriction null and void, defendants raised certain preliminary questions of law as to the sufficiency of the petition, which have been argued before the court. It is alleged that the petition does not aver that petitioner is a party to an actual controversy, nor that there are present antagonistic claims, wherein petitioner has an interest, which presage imminent and inevitable litigation between plaintiff and defendants, and also, lack of jurisdiction in the court under the Declaratory Judgments Act.

The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, sec. 2, provides:

"Any person interested under a *deed*, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise, and obtain a declaration of rights, status, or other legal relations thereunder."

"Relief by declaratory judgment may be granted in all civil cases where any one of the following conditions exists: (1) An actual controversy exists between contending parties; or (2) the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation; or (3) the court is satisfied that a party asserts a legal relation, status, right or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right or privilege by an adversary party who also has or asserts a concrete interest therein; and the court is also satisfied that a declaratory judgment will serve to terminate the uncertainty, or controversy, giving rise to the proceeding": Melnick v. Melnick et al., 147 Pa. Superior Ct. 564 (syllabus).

The petition for declaratory judgment in this case, after stating certain facts, simply states in paragraph 11: "That the enforcement of the aforementioned building restriction would be inequitable and oppressive to plaintiff and of no real value to defendants". It then concludes with a prayer for a declaratory judgment.

At the oral argument on the preliminary objections, counsel for plaintiff stated that plaintiff either wanted to build or sell and desired to have determined the validity of the deed restriction. But these allegations are

not contained in its petition; and for all we know, plaintiff may only be seeking an advisory opinion and a decision on future rights in anticipation of an event which may not happen.

The petition for declaratory judgment should contain specific allegations and declare the jurisdictional requirements so as to comply with the principles set forth in the Melnick case above quoted. It is not sufficient to allege the possibility of facts from which a controversy might thereafter arise.

And now, January 9, 1951, for the foregoing reasons, the questions of law raised by defendants' answer are decided in favor of defendant, and plaintiff is allowed 30 days from this date to file an amended petition for a declaratory judgment.