## McWilliams v. McCabe

*High, Swartz, Childs & Roberts,* for plaintiffs.

*Thomas M. Garrity,* for defendants.

FORREST, J., June 23, 1961.—An owner of real estate filed this petition for declaratory judgment construing a provision of an option to buy the property. The prayer of the petition is three-fold: (1) That the court construe the terms of the option agreement and declare that by virtue of all the facts, petitioners are not obligated to convey the property; (2) in the alternative, if petitioners convey the tract, that defendants

be permanently enjoined from erecting a building which does not form part of a motor hotel project on an adjoining property which petitioners sold to defendants, and (3) other relief as the court deems just.

Defendants filed an answer in the nature of preliminary objections to the petition. ". . . In so doing, they admitted—*but only* for the purpose of disposing of said preliminary objections — the truth of all the averments of fact in the petition": Melnick v. Melnick, 147 Pa. Superior Ct. 564, 566 (1942).

For present purposes, the facts may be stated as follows: In the negotiations preceding the execution of an agreement of sale of a certain five-acre tract and option to buy an adjoining two-acre tract, respondent-purchasers represented to petitioner-sellers that they intended to erect a motor hotel on the five-acre tract; that they might need an additional two acres to ensure the success and high quality of the motor hotel, and that, if they purchased the two-acre tract pursuant to the option, they would use that tract only in conjunction with and as part of the motor hotel project.

On October 20, 1959, petitioner, Mary E. McWilliams, as nominee of petitioner, Seth D. Seltzer, Jr., trading as Richard J. Seltzer Partnership, conveyed to defendant, Anne E. McCabe, as nominee of defendant, Richard I. Rubin, a certain five-acre tract. This conveyance was made pursuant to an agreement of sale which provided:

"It is understood and agreed that Buyer may improve the land to be conveyed . . . , only with an office building, hotel, inn, or apartment; any such improvements shall be of first class design and construction and subject to the approval of all authorities having jurisdiction and the Owners, which approval shall not be unreasonably withheld."

On the same day petitioners entered into a written agreement giving Anne E. McCabe, her heirs and

assigns, the exclusive option until October 20, 1961, to purchase two acres of land adjoining the five-acre tract. This agreement provided inter alia:

"If the option is exercised, plans and specifications for the improvements to be erected on said premises will be subject to the approval of Seller, which approval shall not be unreasonably withheld."

Petitioners granted defendants the option in order to insure the success and high quality of the projected motor hotel and for no other purpose. Defendants submitted plans for the motor hotel on the five-acre tract and petitioners approved same. Defendants have applied to the Township of Lower Merion and have been granted a building permit for the erection of the projected motor hotel.

On February 10, 1961, defendant McCabe wrote to plaintiffs that she has "elected to exercise the option. . . ." She demanded delivery of a deed for the two-acre tract and concluded as follows: "In accordance with the option, I enclose a plot plan, front elevation and specifications for the improvements to be erected thereon." With said letter, she submitted a plan and description of an office building which she, or her intended vendees, propose to erect on the two-acre tract. This proposed office building is utterly unrelated to the motor hotel project. The erection of the proposed office building would conflict with the expectations and intentions of the parties to the option agreement and would irreparably diminish the value of plaintiffs adjoining and neighboring land.

As a result of defendants' demand of a deed for the two-acre tract, there is an actual controversy between the parties which will result in litigation unless the controversy is resolved by a declaration of this court.

Defendants contend in their preliminary objections:

1. Approval of defendants' plans is not a condition precedent to petitioner's objection, under the option

agreement, to deliver a deed to defendant upon payment of the purchase price.

2. This is not a dispute as to construction of an agreement, but an attempt on the part of plaintiff to reform an agreement by substituting the words "motor hotel" for "improvements." The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, does not authorize the reformation of an agreement.

3. The declaration which petitioners seek will not terminate the controversy or be a practical help in such termination; instead, the matter should be disposed of in an action in equity, which defendant proposes to file.

We shall consider these preliminary objections seriatim.

1. If it is conceded arguendo that petitioner is bound to deliver a deed to defendant upon payment of the purchase price set by the option agreement, the construction of the clause of the option quoted in the second paragraph of this option still remains to be decided. Section two of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §832, provides that:

"Any person interested under a . . . written contract, . . . may have determined any question of construction or validity arising under the . . . contract, . . . and obtain a declaration of rights, status, or other legal relations thereunder."

This proceeding clearly raises a question of construction of the quoted clause of the option agreement. The fact that the prayers for relief in part sound in equity does not deprive us of jurisdiction under the act, and we note that by petition under section eight of the act, "Further relief, based on a declaratory judgment or decree, may be granted whenever necessary or proper."

2. If this were an action for the reformation of a contract, as defendants contend, we would agree that

jurisdiction lies solely in equity: Baskind v. National Surety Corp., 376 Pa. 13 (1954). However, petitioners desire to have the option construed, not reformed.

3. " ' . . . whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion, . . . "the vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litigation, coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy . . ." ' ": Eureka Casualty Co. v. Henderson, 371 Pa. 587, quoted in Lifter Estate, 377 Pa. 227, 228 (1954).

Petitioners have alleged that the parties have antagonistic claims indicating imminent litigation. Indeed, counsel have informed the court that defendant, McCabe, has started suit in this court for specific performance. Nevertheless, the *construction* of the disputed clause of the option presumably is not an issue in the equity action. Under the circumstances, it seems clear that the declaration sought in the instant case will strike to the heart of the dispute between the parties. Hence, the court should assume the jurisdiction which the act empowers it to take.

"It will be noted that neither the original act, nor the amendment gives the court *discretion* — in the meaning of 'freedom to act or decide'—as to whether it may render or refuse to render a declaratory judgment . . . the amendment, in positive rather than negative form, declares that relief by declaratory judgment may be granted in all civil cases where . . . (3) . . . the court is also satisfied that a declaratory judgment will serve to terminate the uncertainty, or controversy, giving rise to the proceeding": Melnick v. Melnick, 147 Pa. Superior Ct. 564, 570, 571 (1942).

And now, June 22, 1961, the questions of law raised by the answer in the nature of preliminary objections

to the petition are decided against defendants. Defendants are allowed 15 days from the date hereof within which to file an answer to the averments of fact in the petition.