# Chrin v. Chrin

*Richard J. Shiroff,* for plaintiff.
*Raymond DeRaymond,* for defendant.

WILLIAMS, *P.J.,* October 30, 1985—Presently before the court in this divorce action are defendant's preliminary objections to plaintiff's complaint for declaratory judgment.

Plaintiff filed a complaint in divorce on November 30, 1984, on the grounds of irretrievable breakdown and indignities. The complaint included claims for alimony pendente lite, counsel fees, costs, alimony and equitable distribution. In his new matter, defendant pled and attached a copy of an antenuptial agreement, executed by the parties on or about July 9, 1965, the day before the date of the marriage averred in the complaint for divorce. In this antenuptial agreement, plaintiff purports to "waive, relinquish, and bar all her inchoate intestate rights or other interests, either as the wife or widow of the intended husband in and to the intended husband's interest" in businesses owned or partially owned by the husband. Defendant asserts that the property

identified as his in the antenuptial agreement is defendant's separate property not subject to plaintiff's claim for equitable distribution.

Thereafter, on July 18, 1985, plaintiff filed a complaint for declaratory judgment, requesting this court to declare that the antenuptial agreement is void and of no effect, and further declare that all property acquired after July 10, 1965, until the date of final separation of the parties is marital property subject to equitable distribution under the Divorce Code.

In support of his preliminary objections to plaintiff's declaratory judment complaint, defendant claims that (1) the action is contrary to the provisions of section 7541(c)(1) of the Declaratory Judgments Act; (2) the pendency of the prior divorce action will answer all questions raised in the declaratory judgment petition; and (3) plaintiff has not joined all possible defendants in this action, specifically, the natural children of defendant, whose rights would be affected if the antenuptial agreement is declared void. For these reasons, defendant requests that the complaint for declaratory judgment be stricken.

Section 7533 of the Declaratory Judgments Act, 42 Pa.C.S. §7531 et seq., provides:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder."

An exception to this remedy is set forth in §7541(c) of the act which provides in part that de-

claratory relief shall not be available "with respect to any action wherein a divorce or annulment of marriage is sought." 42 Pa.C.S. §7541(c)(1). It is under this provision that defendant first objects to plaintiff's declaratory judgment action. After an examination of the applicable law, we agree with defendant that the instant petition for declaratory relief is precluded by section 7541(c)(1) of the Declaratory Judgments Act.

The cases cited by plaintiff in opposition to these objections are inapplicable to the present case. First, in Melnick v. Melnick, 147 Pa. Super. 564, 25 A.2d 111 (1942), our Superior Court held that a petition for declaratory judgment seeking to establish the continued existence of marital status on the basis of the invalidity of a Nevada divorce decree was proper under the Declaratory Judgments Act of 1935. Melnick did not involve a request for a divorce or a pending divorce action between the parties. Rather, the petitioner merely sought to have a foreign divorce decree obtained by his wife declared null and void. The divorce laws of this Commonwealth were not invoked.

Likewise, in Moore v. Moore, 344 Pa. 324, 25 A.2d 130 (1942), the Supreme Court of Pennsylvania concluded that the Declaratory Judgments Act of 1935 was an appropriate remedy through which the respective rights of a husband and wife under an antenuptial agreement could be determined. Again, a divorce was not sought by either party to this declaratory judgment proceeding.

However, where, as in the present action, the outcome of the declaratory judgment action would affect claims raised in the pending divorce action, the exception of section 7541(c)(1) operates to bar the commencement of the declaratory judgment action.

The purpose of the Declaratory Judgments Act is not to supplement or supplant the divorce laws. McCalmont v. McCalmont, 93 Pa. Super. 203 (1928) (referring to the Declaratory Judgments Act of 1923).

The legislative intent of the Divorce Code of 1980 is to "effectuate economic justice between parties who are divorced or separated . . . and insure a fair and just determination and settlement of their propety rights." 23 P.S. §102(6). The equitable distribution claim raised in plaintiff's divorce complaint (which will necessarily involve an examination of the alleged antenuptial agreement) will be included as part of the divorce decree. See, 23 P.S. §401(b).

In light of this legislative intent of the Divorce Code and its inclusion of property distribution into the divorce decree, we conclude that section 7541(c)(1) of the Declaratory Judgments Act effectively bars plaintiff's complaint in the instant case. Our legislators have determined that the issues raised in this declaratory judgment action are to be resolved under the Divorce Code, rather than through declaratory relief. Accordingly, plaintiff's declaratory judgment complaint must be stricken as an improper means of obtaining the relief sought.*

Wherefore, we enter the following

## ORDER OF COURT

And now, this October 30, 1985, defendant's preliminary objections are sustained, and plaintiff's complaint for declaratory judgment is stricken.

---

\* Since we have determined that the complaint must be stricken on the basis of section 7541(c)(1), we need not address the additional reasons provided by defendant in support of his preliminary objections.